# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TADARRA DEWOYNE SCRANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-504-CDP |
| | ) | |
| ROBERT H. DIERKER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Tadarra Dewoyne Scranton for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $18.37. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $88.27, and an average monthly balance of $91.85. The Court will therefore assess an initial partial filing fee of $18.37, which is twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff identifies the plaintiffs in this action as himself, the Tadarra Dewoyne Scranton Trust, Jacob Lew (whom plaintiff identifies as the U.S. Secretary of State), Melba Acosta (whom plaintiff identifies as the Puerto Rican Secretary of State), "the UNITED STATES OF AMERICA CORPORATION," and Donald J. Trump. He identifies the defendants as Robert Dierker, Mariano Favazza, Thomas Kloppinger, Jennifer Joyce, Kim Gardner, Robert Craddick, Anne Precythe, and Corizon Health Services. Defendants Dierker, Favazza, Joyce, and Craddick were involved in state court criminal proceedings in which plaintiff was a defendant.[1]

---

[1] On July 2, 2001, a jury convicted plaintiff of first degree murder, second degree murder, and two counts of armed criminal action. *State v. Scranton*, No. 22011-02654-01 (22nd Jud. Cir. 2001). On March 14, 2003, he was sentenced to serve life in prison without parole. He is presently incarcerated in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). In 2008, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

3

Anne Precythe is the Director of the Missouri Department of Corrections, and Corizon is a contracted medical care provider.

Plaintiff titled his complaint "Complaint Under Maritime Law and Admiralty Act, Truth in Admiralty Act, and the Commercial Instruments and Maritime Liens Act." He contends this is an admiralty case, and this Court has jurisdiction to consider his claims under admiralty law. He claims he created the "Tadarra Dewoyne Scranton Trust" of which he is part of the "secured collateral and cargo." He claims the defendants therefore have no authority over him, and that he, as trustee, is bringing this action to obtain possession and control over himself as property, or as a "vessel" or "cargo." For example, he characterizes the criminal proceedings against him as an assertion of an illegal maritime lien and a trespass, he identifies himself as "living flesh and blood sojourning upon the soil of the land known as Missouri," he alleges that the defendants have no "lawful claim" over him, and he characterizes their actions as creating an illegal constructive trust in his name. As relief, he seeks, *inter alia*, an order enjoining the defendants from continuing to exercise control over him. He attached numerous documents to the complaint that purport to verify the existence of the Trust, and to assert claims to its "vessel" and "cargo."

**Discussion**

Plaintiff's arguments are typical of those often used by those who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of their criminal convictions. These arguments completely lack merit, and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,*

---

2254. *Scranton v. Steele,* No. 4:08-cv-766-RWS (E.D. Mo. 2008). On June 9, 2009, the petition was denied on its merits. *Id.*

738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). Plaintiff's claims herein will also be dismissed as frivolous.

The same is true of plaintiff's attempt to bring his frivolous claims under admiralty law, which he states provides the basis for jurisdiction. A litigant may invoke federal jurisdiction over admiralty and maritime cases under the original subject matter jurisdiction established in 28 U.S.C. § 1333. Here, plaintiff attempts to do so with the use of terms common to admiralty and maritime law, and by repeatedly asserting that this Court has admiralty jurisdiction. However, plaintiff states no facts that actually relate to any maritime matter, and nothing in the complaint or the attachments thereto can be construed as grounds supporting a maritime or admiralty claim. As noted above, plaintiff is required to plead sufficient factual matter that, taken as true, states a plausible claim for relief. *Twombly*, 550 U.S. at 570. Plaintiff's assertions of jurisdiction and the right to relief based on claims under admiralty law are legally and factually frivolous.

After filing the complaint, plaintiff filed the following motions: Motion to Dispense with Service of Pleadings (Docket No. 4), Motion to Limit Effect of Appearance in Rem Action and for an Expedited Hearing (Docket No. 5), Motion to Intervene (Docket No. 6), and Motion to Correct the Record (Docket No. 9). These motions also assert frivolous grounds for relief, and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $18.37 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dispense with Service of Pleadings (Docket No. 4), Motion to Limit Effect of Appearance in Rem Action and for an Expedited Hearing (Docket No. 5), Motion to Intervene (Docket No. 6), and Motion to Correct the Record (Docket No. 9) are **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of August, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE