# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TADARRA DEWOYNE SCRANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-504-CDP |
| | ) | |
| ROBERT H. DIERKER, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the Motion for Relief from Judgment Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, filed by plaintiff Tadarra Dewoyne Scranton, an inmate at the Eastern Reception, Diagnostic and Correctional Center. The motion will be denied.

Petitioner commenced this action in this Court on April 2, 2018 by filing a pleading titled "Complaint Under Maritime Law and Admiralty Act, Truth in Admiralty Act, and the Commercial Instruments and Maritime Liens Act." He identified the plaintiffs as himself, the Tadarra Dewoyne Scranton Trust, Jacob Lew (whom plaintiff identified as the U.S. Secretary of State), Melba Acosta (whom plaintiff identified as the Puerto Rican Secretary of State), "the UNITED STATES OF AMERICA CORPORATION," and Donald J. Trump. He identified the defendants as Robert Dierker, Mariano Favazza, Thomas Kloppinger, Jennifer Joyce, Kim Gardner, Robert Craddick, Anne Precythe, and Corizon Health Services. Defendants Dierker, Favazza, Joyce, and Craddick were involved in state court criminal proceedings in which

plaintiff was a defendant.[1] Anne Precythe is the Director of the Missouri Department of Corrections, and Corizon is a contracted medical care provider. Briefly, plaintiff alleged this Court had jurisdiction pursuant to admiralty law, he claimed he created a trust of which he was the "secured collateral and cargo," and he essentially alleged that the defendants had no lawful authority over him. As relief, he sought, *inter alia*, an order enjoining the defendants from continuing to exercise control over him. He attached numerous documents to the complaint that purported to verify the existence of the Trust, and to assert claims to its "vessel" and "cargo." Plaintiff sought and received leave to proceed *in forma pauperis*, and I conducted initial review of his complaint. On August 1, 2018, I dismissed plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff avers that he signed and mailed the instant motion to the Court on August 25, 2018. In the motion, plaintiff claims I misconstrued his complaint, and that he in fact "state[d] a lawful <u>title dispute</u> under maritime and admiralty law by the TADARRA DEWOYNE SCRANTON TRUST$^{tm(c)}$" and that "the Trust set forth disputed claims for the rights to use the incorporated and copy-written name of the Trust, any derivation thereof and it's lawful assets/cargo to engage in lawful commerce" in Missouri and the United States. He asserts the validity of the trust and its status as a separate legal entity, and claims I overlooked the fact he was filing a motion to intervene as a claimant to protect his legal interest. He claims he has "salvage rights" over the trust's "assets and cargo," that the defendants have lodged illegal maritime liens over the trust and its cargo, and are using it to leverage commerce in the name of

---

[1] On July 2, 2001, a jury convicted plaintiff of first degree murder, second degree murder, and two counts of armed criminal action. *State v. Scranton*, No. 22011-02654-01 (22nd Jud. Cir. 2001). On March 14, 2003, he was sentenced to serve life in prison without parole. He is presently incarcerated in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). In 2008, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Scranton v. Steele,* No. 4:08-cv-766-RWS (E.D. Mo. 2008). On June 9, 2009, the petition was denied on its merits. *Id.*

2

the trust and plaintiff's name personally. The motion continues in this manner. Plaintiff also states I should recuse myself from this case, and allow it to proceed before a different judge. Attached to the motion are several documents purporting to validate the existence of the trust, and other such documents.

Plaintiff frames his motion under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

Under either standard, the motion fails. Plaintiff fails to point to any manifest errors of law or fact or any newly discovered evidence, and he also fails to demonstrate the existence of exceptional circumstances warranting relief. Instead, the motion can be said to merely revisit the same frivolous claims he raised in his original pleading, or to attempt to raise new ones without providing good cause for the failure to raise them prior to the entry of judgment. Plaintiff's attempt to re-characterize or clarify the actual nature of his claims is not helpful because his claims are frivolous no matter how they are construed. Finally, plaintiff's allegations regarding my bias are frivolous, and present no valid basis for my recusal. I therefore decline his

suggestion that I recuse myself. *See Maier v. Orr,* 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted) (frivolous and improperly based suggestions that a judge recuse should be firmly declined).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Relief from Judgment Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Docket No. 15) is **DENIED.**

Dated this 25th day of September, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE